**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DIANA DINORA ZAVALA,**<br><br>***Petitioner*,**<br>**v.**<br><br>**TODD BLANCHE,**<br>*in his official capacity as* U.S. Attorney General;<br>**MARKWAYNE MULLIN,**<br>*in his official capacity as* Secretary of the U.S. Department of Homeland Security;<br>**DAVID J. VENTURELLA,**<br>*in his official capacity as* Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement;<br>**MARY DE ANDA-YBARRA,**<br>*in her official capacity as* Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; **and**<br>**SHERIFF AND WARDEN** of ERO El Paso Camp East Montana,<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-01359-DCG** |

**ORDER REGARDING POTENTIAL MOOTNESS**

On May 12, 2026, Petitioner Diana Dinora Zavala filed a "Petition for Writ of Habeas Corpus" (the "Petition") (ECF No. 1) seeking her release from immigration detention.[1] The Petition indicates that—as of May 12, 2026—Petitioner had another, substantially similar habeas petition pending in the Middle District of Florida.[2]

---

[1] *See* Pet., ECF No. 1, at 21–22.

[2] *See id.* at 10–11; *see also* Petition for Writ of Habeas Corpus, *Zavala v. U.S. Att'y Gen.*, No. 3:26-CV-00717 (M.D. Fla. Apr. 1, 2026), ECF No. 1.

The Middle District of Florida has since granted that petition and ordered the Government to give Petitioner "an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner."[3] Resultingly, Petitioner may have already obtained the relief that she seeks in this case,[4] which would render her Petition moot.[5]

The Court therefore **ORDERS** Petitioner to **BRIEF** whether any live issues remain in this case **by August 26, 2026**.

The Court further **DIRECTS** the Clerk of Court to **SUBSTITUTE** Senior Official Performing the Duties of the Director of ICE **David J. Venturella** in place of former Acting Director Todd M. Lyons as a named Respondent in this case.[6]

**So ORDERED and SIGNED this 19th day of August 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[3] *See* Order at 3, *Zavala v. U.S. Att'y Gen.*, No. 3:26-CV-00717 (M.D. Fla. May 14, 2026), ECF No. 12.

[4] *See supra* note 1 and accompanying text.

[5] *See Espino-Fraire v. DeBellevue*, No. CV 25-2061, 2026 WL 805762, at *1 (W.D. La.) ("A claim is moot when a petitioner achieves the precise relief she requested." (citing *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 590 U.S. 336, 338–339 (2020))), *report and recommendation adopted*, No. 3:25-CV-02061 SEC P, 2026 WL 803993 (W.D. La. Mar. 23, 2026).

*See also Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (explaining that courts are "obliged to raise the subject of mootness *sua sponte*." (citing *Donovan v. Air Transp. Dist. Lodge No. 146*, 754 F.2d 621, 624 (5th Cir. 1985))).

[6] *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").